52 F.3d 343
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. KING, Director, Office of Personnel Management, Petitioner,
v.
Raymond ALSTON, Respondent,
and
Merit Systems Protection Board, Respondent.
 No. 400.
 United States Court of Appeals, Federal Circuit.
 March 21, 1995.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON PETITION FOR REVIEW
 ORDER
 CLEVENGER, Circuit Judge.
 
 
 1
 James B. King, Director of the Office of Personnel Management (OPM), petitions for review of the Merit Systems Protection Board's final order in this case. The Board does not oppose. Raymond Alston has not responded.
 
 BACKGROUND
 
 2
 Based on a reported medical condition, the Department of the Navy suspended Alston's access to classified information pending an investigation of his qualifications to continue holding a security clearance. Alston was not given an opportunity to reply to this action. Alston was given notice that the agency proposed to place him on enforced leave pending completion of the investigation because he no longer had access to classified materials and areas. Alston was given an opportunity to reply to the proposed action, although the Navy did not identify the specific medical condition. Alston appealed the indefinite suspension to the Board.
 
 
 3
 The Administrative Judge (AJ) concluded that the Navy's action failed to promote the efficiency of the service, reversed the Navy's action, and ordered interim relief. The Navy petitioned the Board for review. The Board modified the AJ's decision and held that Alston was denied due process as well as statutory procedural protections because the Navy failed to provide Alston with an opportunity to reply to the notice concerning the suspension of his access.
 
 
 4
 OPM petitioned the Board for reconsideration. The Board reversed its earlier decision, concluding that due process rights did not attach to Alston's suspension of access to classified materials, and affirmed the Navy's action. Alston petitioned this court for review. Alston's appeal was subsequently dismissed for failure to prosecute. Thereafter, the Board reopened the case on its own motion and, with a new composition of Board members, reversed the Navy's action. The Board concluded that Alston was not informed with sufficient specificity of the reasons for the suspension from his job and, thus, Alston was denied meaningful due process under the Constitution and the procedural protections of 5 U.S.C. Sec. 7513. We note that there was a dissent to each of the Board's orders. OPM petitions this court for review of the Board's decision interpreting, inter alia, 5 U.S.C. Sec. 7513.
 
 DISCUSSION
 
 5
 Pursuant to 5 U.S.C. Sec. 7703(d), OPM may seek review of a Board decision when OPM determines, in its discretion, that the Board erred in interpreting a civil service law, rule or regulation, and that the Board's decision will have a substantial impact on the administration of the civil service. This court must independently determine whether an exercise of our jurisdiction is warranted. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed.Cir.1983).
 
 
 6
 We determine that review of the Board's final order is appropriate. When the Board and OPM disagree about the interpretation of civil service statutes and regulations, it is particularly appropriate for this court to review the Board's order and resolve the dispute. See, e.g., Horner v. Schuck, 843 F.2d 1368 (Fed.Cir.1988) (OPM and the Board disagreed about the interpretation of statutes concerning the Board's authority to review certain agency actions). Thus, we are persuaded that the Board's order will have a substantial impact on the administration of the civil service. Further, the Board does not oppose OPM's petition for review.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 OPM's petition for review is granted.